**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2611-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AMEER J. HOLCOMB,

    Defendant-Appellant.

_____

Submitted May 26, 2026 – Decided June 4, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 21-03-0111.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Colleen E. Ruppert, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Ameer Holcomb pled guilty in 2022 to an amended charge of aggravated manslaughter pursuant to a negotiated plea agreement and was sentenced in accordance with that agreement. He appeals the trial court's denial of his petition for post-conviction relief ("PCR"). We affirm that denial, substantially for the cogent and well-supported reasons set forth in Assignment Judge Lisa Miralles Walsh's written opinion dated March 26, 2025.

Briefly stated, the State's proofs, including surveillance video, showed that on March 29, 2020, defendant and two other men took part in a fatal drive-by shooting of a victim who was in a parked car that the men had followed from Newark to Hillside. Defendant was charged with murder. His defense attorney negotiated a plea agreement with the State to an amended charge of aggravated manslaughter. The plea agreement was duly placed on the record on December 29, 2022, with defendant explicitly acknowledging his understanding and assent to the terms of the plea and that he was satisfied with the services and advice of his defense attorney.

In March 2023, the trial court sentenced defendant to a custodial term of nineteen-and-a-half years, subject to the parole ineligibility period mandated by the No Early Release Act, N.J.S.A. 2C:43:7-2. The sentence was consistent with the plea agreement. No direct appeal was filed.

Defendant filed this PCR petition in March 2024, alleging that his plea counsel was constitutionally ineffective under the two-pronged criteria of Strickland v. Washington, 466 U.S. 668, 685-86 (1984) (requiring proof of deficient performance by counsel and actual prejudice caused by that deficiency). In his petition, defendant made vague claims that he was deprived of a chance to review with his attorney the discovery from the State, including unspecified material that might have been exculpatory under Brady v. Maryland, 373 U.S. 83, 87 (1963). The PCR judge rejected these arguments as "bald assertions," and determined there was no need for an evidentiary hearing. Among other things, the judge concluded that defendant had not established the required first prong of Strickland, i.e., deficient performance of counsel.

On appeal, defendant presents the following points in his brief:

> POINT I
>
> THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM THAT HIS PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO REVIEW THE DISCOVERY WITH HIM.

3

POINT II

THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM THAT HE WAS NOT AWARE OF HIS RIGHT TO APPEAL.

Having considered these arguments in light of the record and the applicable law, we adopt Judge Walsh's reasoning in rejecting the PCR petition. As the judge rightly noted, during the plea colloquy, defendant affirmed under oath that he had reviewed discovery, discussed the evidence and the strengths and weaknesses of the State's case with his attorney, and was satisfied with counsel's services. Regarding the right to appeal within forty-five days, the court found that defendant was explicitly advised of that right at sentencing and signed the appropriate form acknowledging he had been so informed.

The court properly declined to conduct an evidentiary hearing, given defendant's failure to present a prima facie case of constitutional ineffectiveness. See State v. Preciose, 129 N.J. 451, 463 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

4

A-2611-24